UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| JARISSA GILLASPY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| CLUB NEWTONE, INC., | : | NO. 4:20-cv-13 |
| MJV GROUP, INC., and | : | |
| MARC A. VAUGHN, | : | <u>JURY TRIAL DEMANDED</u> |
| Defendants. | : | |

## COMPLAINT

Plaintiff JARISSA GILLASPY ("Ms. Gillaspy"), by counsel Duran Keller of Keller Law, brings this complaint as follows:

## INTRODUCTION

1. This is a case about a company that subjects its female employees to sexual discrimination and harassment through acts of the company's president and CEO.

2. Such discrimination and harassment includes, not by means of limitation, a woman who was subjected to sexual discrimination by forceful physical sexual conduct, sexual advances, and retaliation—including termination of employment—after a woman disclosed facts surrounding discrimination to the Equal Opportunity Employment Commission.

3. This is a civil action seeking actual and statutory damages, punitive damages, front pay, back pay, attorneys' fees, and costs for violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, intentional infliction of emotional distress, battery, assault, negligence, and negligent retention.

4. Defendants are Club Newtone, Inc. ("Newtone"), MJV Group, Inc. ("MJV"), and Marc A. Vaughn ("Vaughn") (hereinafter collectively "Defendants").

1

## JURISDICTION

5. This action is to enforce liability created by Title 42 under the equal employment opportunities.

6. Jurisdiction of this court arises under 42 U.S.C.S. § 2000e-5.

7. Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this title [42 uscs §§ 2000E et seq.]. 42 U.S.C.S. § 2000e-5.

8. Jurisdiction of this court arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

9. Supplemental jurisdiction of this court arises under 28 U.S.C. § 1367.

## VENUE

10. Defendants regularly transacts business in this judicial district.

11. Defendants are subject to the personal jurisdiction of this Court.

12. Defendants Newtone and MJV reside in the State of Indiana and this judicial district under the provisions of 28 U.S.C. § 1391(c)(2).

13. Defendant Marc A. Vaughn resides in the State of Indiana and this judicial district under the provisions of 28 U.S.C. § 1391(c)(1).

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

15. A substantial part of the events giving rise to this claim occurred in this judicial district.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

### Plaintiff Jarrisa Gillaspy ("Ms. Gillaspy")

17. Ms. Gillaspy is a female person.

18. Ms. Gillaspy is a resident of Clinton County.

**Defendant Club Newtone, Inc. ("Newtone" and/or "Club Newtone")**

19. Newtone is a corporation organized and existing under the laws of the State of Indiana.

20. Newtone is registered with the Indiana Secretary of State under Business ID: 2010031600305.

21. Newtone's principal place of business is located at 725 Sagamore Parkway North, Lafayette, Indiana 47903.

22. Newtone's registered agent for service of process is William Bonsignore, 415 Columbia Street, Suite 3000, Lafayette, Indiana 47901.

23. At all times relevant to this complaint, Newtone's employees were agents acting on Newtone's behalf and on behalf of MJV.

24. Club Newtone maintains a website at http://www.clubnewtone.com ("Newtone's website").

25. Club Newtone believes the content on Newtone's website is representative of Club Newtone and its business.

**Defendant MJV Group, Inc. ("MJV")**

26. MJV is a corporation organized and existing under the laws of the State of Indiana.

27. MJV is registered with the Indiana Secretary of State under Business ID: 2001010500449.

28. MJV's principal place of business is located at 725 Sagamore Parkway North, Lafayette, Indiana 47903.

29. MJV's registered agent for service of process is Marc A. Vaughn, 606 N. Earl Avenue, Lafayette, Indiana 47904.

30. At all times relevant to this action, MJV employees were agents acting on behalf of Newtone and MJV.

31. MJV maintains a website at http://www.teammjv.com ("MJV's website").

32. MJV believes the content on MJV's website is representative of MJV and its business.

### Defendant Marc A. Vaughn ("Vaughn")

33. Marc A. Vaughn ("Vaughn") is an individual.

34. Vaughn is president and chief executive officer of Newtone.

35. Vaughn resides at 801 S. 27th Street, Lafayette, Indiana 47904.

### FACTS

36. Ms. Gillaspy worked as an employee of Club Newtone.

37. Ms. Gillaspy began working for Club Newtone in January of 2016.

38. Ms. Gillaspy was a personal trainer for Club Newtone.

39. Shortly after starting to work in her regular position, Marc Vaughn began a constant campaign of sexual harassment against Jarissa Gillaspy.

40. Vaughn's advances toward Ms. Gillaspy began with frequent, unwelcomed sexual comments directed at Ms. Gillaspy.

41. On multiple occasions, Ms. Gillaspy's work for Club Newtone required her to work near Mr. Vaughn.

42. Amber Walker was one of Ms. Gillaspy's immediate supervisors.

43. Amber Walker held a position over everyone at Club Newtone except Marc Vaughn.

44. Sandy Morrow was one of Ms. Gillaspy's immediate supervisors.

45. Sandy Morrow held a position over all of the personal trainers at Club Newtone.

46. Vaughn was Ms. Gillaspy's immediate supervisor.

47. Mr. Vaughn made numerous comments about Ms. Gillaspy's appearance.

48. The comments Mr. Vaughn made about Ms. Gillaspy's appearance included how good she looked.

49. During Ms. Gillaspy's employment, Mr. Vaughn sent texts to Ms. Gillaspy.

50. Mr. Vaughn regularly texted Ms. Gillaspy.

51. Starting in 2016, Mr. Vaughn made sexually suggestive comments to Ms. Gillaspy, verbally and by text messages.

52. Mr. Vaughn's sexually suggestive statements continued in 2017 and 2018.

53. Mr. Vaughn's most aggressive sexual harassment toward Ms. Gillaspy took place on February 13, 2018.

54. On February 12, 2018, Vaughn requested that Ms. Gillaspy provide a personal training session for Vaughn at Vaughn's home.

55. On February 13, 2018, Vaughn forcefully confined Ms. Gillaspy, attempted to force himself between her legs, kissed her, and masturbated.

56. Mr. Vaughn denied his most aggressive incident.

57. Ms. Gillaspy reported the sexual harassment to her supervisors at Club Newtone.

58. Despite a history of unwelcome incidents of sexual harassment, Mr. Vaughn's harassment continued unchecked.

59. Defendants did not take any reasonable steps to investigate or address Ms. Gillaspy's complaints at any point before Ms. Gillaspy brought her lawsuit.

60. The harassment affected a privilege of Ms. Gillaspy's employment in that it was sufficiently severe or pervasive to alter the condictions of Ms. Gillaspy's employment and create an abusive working environment.

61. The harassment was based on Ms. Gillaspy's sex.

62. Ms. Gillaspy's employment suffered as a result of Vaughn's sexual harassment.

63. Ms. Gillaspy was deprived of clients due to Vaughn's sexual harassment.

64. Ms. Gillaspy was deprived of work due to filing a complaint with the Equal Employment Opportunity Commission.

65. Ms. Gillaspy's employment with Club Newtone was terminated as a result of Ms. Gillaspy complaining to the Equal Employment Opportunity Commission.

66. Defendants are liable to Ms. Gillaspy.

67. Ms. Gillaspy filed an administrative charge with the Equal Employment Opportunity Commission on August 20, 2018, Charge Number 470-2018-03811.

68. The Equal Employment Opportunity Commission issued to Ms. Gillaspy a Notice of Right to Sue letter on Charge Number 470-2018-03811 on February 4, 2020, a copy of which is filed herewith and incorporated herein by reference as "**Exhibit A**".

69. Ms. Gillaspy filed an administrative charge with the Equal Employment Opportunity Commission on April 18, 2019, Charge Number 470-2019-02340.

70. The Commission determined, after the EEOC's investigation, that there is reasonable cause to believe that the charge is true.

71. The Equal Employment Opportunity Commission issued to Ms. Gillaspy a Notice of Right to Sue letter on Charge Number 470-2019-02340 on December 4, 2019, which was not

received by Ms. Gillaspy until at least one day later, a copy of which is filed herewith and incorporated herein by reference as "**Exhibit B**".

72. At all relevant times in this action, Club Newtone employees were acting as agents on behalf of MJV and Newtone.

73. Defendants' conduct with Ms. Gillaspy caused Ms. Gillaspy harm, anxiety, and stress.

74. All conditions precedent necessary for this lawsuit have occurred or been performed by Ms. Gillaspy.

75. MJV is a joint employer of Club Newtone.

76. MJV exercises common control over employment policies.

77. MJV exercises common control over employment decisions.

78. Club Newtone is an alter ego of MJV.

79. Club Newtone employees have been paid with MJV money.

80. Club Newtone employees have had to do work for MJV while acting as an employee for Club Newtone.

**COUNTS 1, 2, & 3 – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEXUAL HARRASSMENT; HOSTILE WORK ENVIRONMENT; AND RETALIATION**

81. Ms. Gillaspy incorporates herein by reference all of the foregoing paragraphs in full herein.

82. Between the dates of February 1, 2016 and April 12, 2019, Ms. Gillaspy was employed by Defendants.

83. Ms. Gillaspy worked at Club Newtone in Lafayette, Indiana.

84. The individual defendant, Marc Vaughn, also worked at Club Newtone as President and CEO.

85. The individual defendant, Marc Vaughn, also worked at MJV as President and CEO.

86. During the period from February 1, 2016 through February of 2018, Marc Vaughn engaged in severe and pervasive acts of sexual harassment against Ms. Gillaspy which created a hostile work environment and affected the terms and conditions of Ms. Gillaspy's employment.

87. Defendants had actual and constructive notice of the sexually harassing conduct of Marc Vaughn beginning in February of 2016 and failed to take any remedial action to stop it.

88. As a direct and proximate result of the Defendants' conduct, Ms. Gillaspy suffered damages, including without limitation: loss of past and future wages, benefits, severe emotional distress and physical distress, and loss of enjoyment of life.

89. Ms. Gillaspy was denied benefits of employment, additional clients, and then-existing clients as a result of filing her first charge with the EEOC.

90. Ms. Gillaspy's employment was terminated as a direct result of her filing a charge with the EEOC.

## COUNT 3 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

91. Ms. Gillaspy incorporates herein by reference all of the foregoing paragraphs in full herein.
92. Defendants conduct was extreme and outrageous.
93. Defendants intended to cause emotional distress or recklessly disregarded the substantial certainty that emotional distress would result from the conduct.
94. Ms. Gillaspy suffered severe emotional distress as a result of the Defendants' conduct.

## COUNTS 4 & 5 – ASSAULT & BATTERY (Marc Vaughn)

95. Ms. Gillaspy incorporates herein by reference all of the foregoing paragraphs in full herein.

96. Vaughn intentionally made harmful and offensive physical contact with Ms. Gillaspy, and there was no consent for such contact.

97. Vaughn's intentional conduct placed Ms. Gillaspy in immediate apprehension, causing her damages.

## COUNT 5 – NEGLIGENCE & NEGLIGENT RETENTION

98. Ms. Gillaspy incorporates herein by reference all of the foregoing paragraphs in full herein.

99. Defendants owed Ms. Gillaspy a duty to act reasonably under the circumstances.

100. Defendants had actual and constructive knowledge that Vaughn was unfit for his employment and his duties and responsibilities with Defendants.

101. Defendants' conduct fell below a reasonable standard of care.

102. Defendants retained Vaughn despite his known unfitness.

103. As a direct and proximate cause of Defendants' breaches, Ms. Gillaspy sustained damages.

104. Defendants' breach was the direct, proximate, and legal cause of Ms. Gillaspy's damages.

105. The complained of conduct was willful.

106. The complained of conduct was committed with reckless disregard to Ms. Gillaspy.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff JARISSA GILLASPY respectfully requests that this Honorable Court enter judgment in her favor and against Defendants for front Pay, back pay, compensatory damages, punitive damages, prejudgment interest, attorney's fees, costs, and all other relief as the Court may deem just and proper.

### JURY DEMAND

Ms. Gillaspy, pursuant to Fed. R. Civ. P. 38, demands a jury trial on all issues herein.

Respectfully submitted,
/s/ *Duran L. Keller*
Duran L. Keller, Esq. (#31743-79)
**KELLER LAW**
8 N. Third Street, Suite 403
Lafayette, Indiana 47901
Telephone: (765) 444-9202
Facsimile: (765) 807-3388
Email: duran@kellerlawllp.com
*Attorney for Ms. Gillaspy*

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To: Ms. Jarissa Gillaspy
▓▓▓▓▓▓▓▓▓▓▓▓▓▓

From: Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2018-03811 | Frederick J. BruBaker, Enforcement Supervisor | (463) 999-1148 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
Michelle Eisele,
District Director

3 February 2020
(Date Mailed)

Enclosures(s)

cc: CLUB NEWTONE
c/o Mr. Marc Vaughn
President & CEO
PO Box 5041
Lafayette, Indiana 47903

Mr. Duran L. Keller, Esq.
KELLER LAW
8 North Third Street, Suite 403
Lafayette, Indiana 47901

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

**Exhibit B**

To: Jarissa Gillaspy

From: Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2019-02340 | Nelson Jones, Investigator | (463) 999-1186 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit** may not be collectible.

On behalf of the Commission

Michelle Eisele,
District Director

3 December 2019
(Date Mailed)

Enclosures(s)

cc: **CLUB NEWTONE**
c/o Marc Vaughn
President & CEO
P.O. Box 5041
Lafayette, IN 47903

Duran L. Keller
KELLER LAW
8 North Third Street, Suite 403
Lafayette, IN 47901

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*