**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| JARISSA GILLASPY,<br><br>  Plaintiff,<br><br>  v.<br><br>CLUB NEWTONE, INC., MJV GROUP, INC., and MARC A. VAUGHN,<br><br>  Defendants. | CAUSE NO.: 4:20-CV-13-TLS-APR |
| CLUB NEWTONE, INC., MARC A. VAUGHN, and MJV GROUP, INC.<br><br>  Counter Claimants,<br><br>  v.<br><br>JARISSA GILLASPY,<br><br>  Counterclaim Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on the Stipulation of Dismissal with Prejudice [ECF No. 25], filed on July 8, 2020. In the Stipulation, the parties request the Court to "dismiss with prejudice Defendant Marc A. Vaughn." For the reasons set forth below, the Court GRANTS relief different than requested.

On April 3, 2020, the Plaintiff filed an Amended Complaint [ECF No. 9] alleging that Defendants Club Newtone, Inc., MJV Group, Inc., and Marc A. Vaughn committed various Title VII violations. On April 16, 2020, the Defendants filed an Answer to Plaintiff's Amended Complaint [ECF No. 10], in which Defendant Vaughn raised libel and slander counterclaims against the Plaintiff. In the instant Stipulation of Dismissal, "[a]ll parties, pursuant to Fed. R. Civ. P.

41(a)(2), stipulate to the dismissal with prejudice of Defendant Marc. A Vaughn **only**, without costs, attorney fees or sanctions to any party." Stip. Dismiss., ECF No. 25.

The parties seek to dismiss Defendant Vaughn pursuant to Rule 41(a)(2); however, the Seventh Circuit has explained that, even though "it's common practice in some district courts in this circuit to allow the voluntary dismissal of individual claims under Rule 41(a)," judges should "use Rule 15(a) instead." *Taylor v. Brown*, 787 F.3d 851, 858 n. 9 (7th Cir. 2015); *see also* 6 Fed. Prac. & Proc. Civ. § 1479 (3d ed.). Accordingly, the Court construes the Stipulation of Dismissal with Prejudice [ECF No. 25] as a request for leave for the Plaintiff to further amend her complaint.

Federal Rule of Civil Procedure15(a) requires courts to freely grant Rule 15(a) motions "when justice so requires." Fed. R. Civ. P. 15(a). The Court recognizes that when the adverse party consents to the amendment, no further action by the court is required. *See Fern v. United States*, 213 F.2d 674, 677 (9th Cir. 1954) ("Once the adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a)."); 6 Fed. Prac. & Proc. Civ. § 1490 (3d ed.), *but see Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1379 (7th Cir. 1990). However, the parties may not have anticipated that the Court would construe their Stipulation of Dismissal with Prejudice as an agreed request to amend the complaint. Accordingly, the Court believes an analysis is warranted.

A motion for leave to amend can be "denied where there has been undue delay, bad faith, prejudice to the opponent, dilatory motive on part of movant, or amendment would be futile." *Figgie Int'l Inc. v. Miller*, 966 F.2d 1178, 1180–81 (7th Cir. 1992). The Court notes that most of the above-described concerns are not present. First, there has been no undue delay as only a few months

2

have passed since the initial filing. Second, neither party appears to be acting in bad faith; rather, it appears that the parties are attempting to remedy an error made in earlier filings. Third, allowing the Plaintiff to amend her complaint would moot Defendant Vaughn's motion to dismiss, which would streamline, rather than delay, the proceedings. And fourth, the amendment does not aim to remedy the complaint's failure to state a claim, thus the issue of futility is irrelevant.

The Court, however, is concerned that allowing the Plaintiff to amend her complaint may prejudice Defendant Vaughn. Specifically, if the Court were to allow the Plaintiff to amend her complaint to dismiss her claims against Defendant Vaughn, it would complicate the Court's jurisdiction over Defendant Vaughn's counterclaims. The Court is required to police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002); thus, this concern must be further evaluated.

As previously explained, the Defendant's counterclaims are both defamation claims. Defamation claims are based on state law, *Brock v. U.S. Steel Corp.*, No. 2:09-CV-344, 2010 WL 405620, at *2 (N.D. Ind. Jan. 27, 2010); thus, diversity or supplemental jurisdiction must exist for such a claim to proceed in federal court. In this case, the Plaintiff and Defendants are all citizens of Indiana; therefore, Defendant Vaughn's defamation counterclaims necessarily rely on the Court's supplemental jurisdiction.[1] This creates obvious concerns, as the Court's supplemental jurisdiction over Defendant Vaughn's counterclaims is created by the Plaintiff's federal Title VII claims against

---

[1] The Court notes that the Plaintiff's Amended Complaint [ECF No. 9] provides that she "is a resident of Clinton County." Am. Compl. ¶ 35. The Amended Complaint does not specify that she is a resident of Clinton County, Indiana, as opposed to Clinton County, Illinois; Clinton County, Michigan; Clinton County, Ohio; etc.; however, the Court assumes the Plaintiff is a resident of Clinton County, Indiana, because of its proximity to Lafayette, Indiana, the city where Defendant Club Newton, Inc., the Plaintiff's former employer, is located. *Id.* at ¶ 38, 53.

3

him, which, if the Court grants the motion to amend, will cease to exist.

With some exceptions, "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), and "supplemental jurisdiction persists even if all the claims giving rise to original jurisdiction have been dismissed," *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3); *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 883 (7th Cir. 2009)). This principal holds true even when a plaintiff voluntarily dismisses the claim. *See Anderson v. Aon Corp.*, 614 F.3d 361, 364–65 (7th Cir. 2010). "Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Miller*, 600 F.3d at 738 (quoting *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009)). However, "a district court is never required to relinquish jurisdiction over state law claims merely because the federal claims were dismissed before trial," and the court must "make a considered determination of whether it should hear the claims." *Id.* (citing *Nightingale*, 589 F.3d at 883; *Sharp Elecs.*, 578 F.3d at 514–15).

The Seventh Circuit has identified three occasions where the court should retain supplemental jurisdiction: "(1) 'the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court'; (2) 'substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort'; or (3) 'when it is absolutely clear how the pendent claims can be decided.'" *Sharp Elecs.*, 578 F.3d

4

at 514–15 (quoting *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)). Having considered each of the above-described exceptions and how they apply to the instant case, the Court finds that they adequately protect Defendant Vaughn from being prejudiced by the Plaintiff amending her complaint. For example, if Defendant Vaughn would be prejudiced by dismissal of his counterclaim because the statute of limitations had run and he was barred from filing a new complaint in state court, the Court could retain jurisdiction over the counterclaim. Accordingly, the Court concludes that the Plaintiff should be permitted to amend her complaint to voluntarily dismiss her claim against Defendant Vaughn.[2]

## CONCLUSION

For the reasons stated above, the Court GRANTS with relief different than requested the motion contained within the Stipulation of Dismissal with Prejudice [ECF No. 25]. The Court ORDERS that the Plaintiff is GRANTED leave to amend her complaint to drop her claims against Defendant Vaughn. The Court grants the Plaintiff up to and including August 6, 2020, to file the Second Amended Complaint, consistent with the leave granted in this Opinion and Order.

SO ORDERED on July 22, 2020.

> s/ Theresa L. Springmann
> JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT

---

2 The Court notes that this Opinion and Order makes no ruling on whether the Court will retain jurisdiction over Defendant Vaughn's Counterclaims once the Plaintiff files an amended complaint dropping Defendant Vaughn as a party or on whether his Counterclaims are sufficient to withstand the Plaintiff's pending 12(b) Motion to Dismiss [ECF No. 13].