UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JARISSA GILLASPY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:20-cv-13 |
| CLUB NEWTONE, INC. and MJV GROUP, INC., | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to File Amended Complaint [DE 36] filed by the plaintiff, Jarissa Gillaspy, on October 15, 2020. For the following reasons, the motion is **DENIED.**

*Background*

On March 3, 2020, the plaintiff filed her original complaint [DE 1] against the defendants, Club Newtone, Inc. (Newtone), MJV Group, Inc. (MJV), and Marc Vaughn, alleging a violation of Title VII of the Civil Rights Act of 1964, sexual harassment, hostile work environment, retaliation, assault, battery, negligence, and negligent retention. On April 3, 2020, the plaintiff filed her first amended complaint [DE 9], where she eliminated the claims of assault, battery, negligence, and negligent retention against all defendants. On July 8, 2020, the parties filed a Stipulation of Dismissal with Prejudice [DE 25] as to the remaining claims against Marc Vaughn. The court granted the stipulation [DE 26] and allowed the plaintiff to amend her complaint to voluntarily dismiss her claims against Marc Vaughn. On August 4, 2020, the plaintiff filed her second amended complaint [DE 27] against Newtone and MJV for a violation of Title VII, sexual

harassment, hostile work environment, and retaliation.  The plaintiff is now requesting that the court grant her leave to add additional claims of conspiracy and defamation against Marc Vaughn and Kari Vaughn and a claim of fraud against Marc Vaughn.

*Discussion*

**Federal Rule of Civil Procedure 15(a)** provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires.  Because pleadings merely serve to put the opposing side on notice, they should be amended freely as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party.  **Rule 15(a);** *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000).  The district court is afforded substantial discretion in determining whether leave to amend should be granted or denied. ***Bethany Pharmacal Co. v. QVC, Inc.***, 241 F.3d 854, 861-62 (7th Cir. 2001); ***Marshall v. Town of Merrillville***, 262 F.Supp.3d 733, 738 (N.D. Ind. 2017).

While leave to amend should ordinarily be freely given, it is not warranted where the there is evidence of "undue delay, bath faith, or dilatory motive on the part of the movant …" or "where the proposed amendment fails to allege facts which would support a valid theory of liability, … or where the party moving to amend has not shown that the proposed amendment has substantial merit." ***Marshall***, 262 F.Supp.3d at 738 (citing ***Verhein v. S. Bend Lathe, Inc.***, 598 F.2d 1061, 1063 (7th Cir. 1979); see ***Dubicz v. Commonwealth Edison Co.***, 377 F.3d 787, 792 (7th Cir. 2004).

The plaintiff claims that leave to amend is warranted based on the "additional theories" revealed during the August 25, 2020 deposition of Marc Vaughn. However, the plaintiff does not provide any other support for her request. The defendants argue that in addition to the presence of undue delay, dilatory motive, bad faith, and prejudice, the plaintiff's amendment would be futile.

2

The court notes that the plaintiff has not replied to the defendants' argument against the instant motion.

Futility is measured by whether an amendment can survive a motion to dismiss or motion for summary judgment. ***Bio Town Ag., Inc. v. Livestock Water Recycling, Inc.***, 2020 WL 6708051, at *1 (N.D. Ind. Nov. 16, 2020). As stated earlier, the plaintiff's proposed amended complaint adds new claims of fraud, civil conspiracy, and defamation. The court will evaluate the futility of each new claim.

In order for the plaintiff to prevail on its fraud claim, she must prove "(1) a material representation of past or existing fact which (2) was untrue, (3) was made with knowledge or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of." ***Ontario Regiment (RCAC) Company v. Dean V. Kruse Foundation, Inc.***, 2019 WL 1558743, at *7 (N.D. Ind. Apr. 10, 2019) (quoting ***Kesling v. Hubler Nissan, Inc.***, 997 N.E.2d 327, 335 (Ind. 2013)). Additionally, **Federal Rule of Civil Procedure 9(b)** requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud …"

The specific facts giving rise to the plaintiff's fraud claim are unclear and not nearly particular enough to satisfy Rule 9(b). The plaintiff alleges that Marc Vaughn "took actions and made statements to [the plaintiff] that were intended to trick and deceive her and encourage her to go to Vaughn's girlfriend's home where Vaughn was alone so that Vaughn could try to force sexual conduct upon her." The actions referred to include that Marc Vaughn sent text messages to the plaintiff stating that the plaintiff "***would be***" providing him with off-site personal training; stating that he "***was or might be*** asleep when [the plaintiff] arrived"; and stating that he did not

3

engage in any sexual activity with the plaintiff that was not consensual. The plaintiff claims that these supposed statements caused her to rely to her detriment, leading her to go to Marc Vaughn's home which caused her damages. In addition to not meeting the particularity requirement of Rule 9(b), the alleged fraudulent statements were of or concerning *future* facts: the plaintiff "would be" providing Marc Vaughn with off-site training and Marc Vaughn "was or might be" asleep when the plaintiff arrived. As to the plaintiff's last factual allegation, that Marc Vaughn stated he did not engage in any sexual activity with the plaintiff that was not consensual, the court does not see how this statement could have led the plaintiff to rely to her detriment. The plaintiff knew first-hand whether it was true or not. For these reasons, the court finds the proposed claim of fraud to be futile.

Next, the plaintiff proposes a claim of defamation against Marc Vaughn and his then-girlfriend, Kari Vaughn. The plaintiff alleges that Marc Vaughn "stated to one or more persons that [the plaintiff] made one or more false reports of sexual misconduct," he knew the statements were false, and that he communicated to one or more persons that the plaintiff was "untruthful, that she lied about Vaughn engaging in sexual misconduct with her, and that Vaughn did not touch her." The defendants argue that the plaintiff is required to set out the alleged defamatory statement in her pleading, however, it is not clear from counts 4 and 5 titled "Fraud & Defamation" what specifically the plaintiff is referring to as the allegedly defamatory statement. Nonetheless, the defendant argues, to the extent such statements were made, they were made during this pending lawsuit or to the EEOC during its investigation. Therefore, the statements are protected by absolute privilege.

In order to prevail on a defamation claim, Indiana law requires the plaintiff to "show a communication with defamatory imputation, malice, publication, and damages." ***Juillerat v. Town***

4

*Council of Andrews, Ind.*, 2018 WL 3093394, at *3 (N.D. Ind. June 21, 2018) (citing *Schrader v. Eli Lily Co.*, 639 N.E.2d 258, 261 (Ind. 1994)). If a plaintiff is successful in meeting the necessary elements, the speaker still may be protected under the qualified privilege of common interest. This privilege "applies to communications made in good faith on any subject matter in which the party making the communication has an interest or in reference to which he has a duty, either public or private, either legal, moral, or social, if made to a person having a corresponding interest or duty." *Dugan v. Mittal Steel USA Inc.*, 929 N.E.2d 184, 188 (Ind. 2010) (internal quotations omitted).

The court finds it troubling that the plaintiff would propose a defamation claim against Kari Vaughn but not include any alleged statements made by her. As to Marc Vaughn, the plaintiff's factual allegations are ambiguous as to the supposed statements he made and to whom they were published. Marc Vaughn maintains that to the extent such statements were made, they were made in connection to the pending lawsuit which includes to the EEOC. As noted earlier, the plaintiff has not opposed any of the defendants' arguments as to the instant motion, so for that reason and the reasons discussed above, the court finds the proposed defamation claim against Marc and Kari Vaughn to be futile.

The final proposed claim is a claim of civil conspiracy against Marc Vaughn and Kari Vaughn. The plaintiff claims that the Vaughn's entered into an agreement for the purpose of obstructing and terminating the EEOC's investigation of the plaintiff's complaints against them. The plaintiff also claims that the Vaughn's took a substantial step in furtherance of the alleged conspiracy by making false statements to the EEOC and by agreeing to terminate the plaintiff in retaliation.

The defendants argue that it is well settled that there is no independent civil cause of action for conspiracy. The court agrees with the defendant that there is no civil cause of action for

5

conspiracy in Indiana, however, there is a civil cause of action for damages resulting from conspiracy. *See* **Hall v. Shaw**, 147 N.E.3d 394, 408 (Ind. App. Ct. 2020). "In other words, allegations of a civil conspiracy are just another way of asserting a concerted action in the commission of a tort." **Hall**, 147 N.E.3d at 408 (citing **Boyle v. Anderson Fire Fighters Ass'n Local 1262**, 497 N.E.2d 1073 (Ind. App. Ct. 1986)). The court also finds that it is unclear what the underlying tort could be. The court is not willing to infer as to what the plaintiff might mean, therefore, for the reasons discussed and the plaintiff's lack of argument, the court finds the proposed claim of civil conspiracy to be futile.

The defendants also argue that the plaintiff's proposed amendment should be denied based on the presence of undue delay, bad faith, dilatory motive, and prejudice. While that may be the case, the court does not find it necessary to assess those arguments, as the plaintiff has not opposed them, and the proposed amendments to the complaint are futile.

Based on the foregoing reasons, the Motion for Leave to File Amended Complaint [DE 36] is **DENIED.**

ENTERED this 7th day of December, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge

6