UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| JARISSA GILLASPY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-13 |
| | ) | |
| CLUB NEWTONE, INC. and MJV GROUP, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Renewed Motion for Leave to File Amended Complaint [DE 39] filed by the plaintiff, Jarissa Gillaspy, on December 16, 2020. For the following reasons, the motion is **DENIED**.

*Background*

On March 3, 2020, the plaintiff filed her original complaint [DE 1] against the defendants, Club Newtone, Inc. (Newtone), MJV Group, Inc. (MJV), and Marc Vaughn, alleging a violation of Title VII of the Civil Rights Act of 1964, sexual harassment, hostile work environment, retaliation, assault, battery, negligence, and negligent retention. On April 3, 2020, the plaintiff filed her first amended complaint [DE 9], where she eliminated the claims of assault, battery, negligence, and negligent retention against all defendants. On July 8, 2020, the parties filed a Stipulation of Dismissal with Prejudice [DE 25] as to the remaining claims against Marc Vaughn. The court granted the stipulation [DE 26] and allowed the plaintiff to amend her complaint to voluntarily dismiss her claims against Marc Vaughn. On August 4, 2020, the plaintiff filed her second amended complaint [DE 27] against Newtone and MJV for a violation of Title VII, sexual

harassment, hostile work environment, and retaliation. On October 15, 2020, the plaintiff filed her first motion for leave to file an amended complaint [DE 36]. Specifically, she requested that the court grant her leave to add additional claims of conspiracy and defamation against Marc Vaughn and Kari Vaughn and a claim of fraud against Marc Vaughn. On December 7, 2020, the court denied [DE 38] the plaintiff's request for multiple reasons including her failure to plead an underlying tort to her conspiracy claim, failure to plead the alleged defamatory statement that she claimed the defendants had made, and failure to plead her fraud claim with the Rule 9(b) required specificity.

Now, the plaintiff is making a renewed request to amend her complaint to, once again, add additional claims of conspiracy against Marc and Kari Vaughn and claims of fraud and defamation against Marc Vaughn. The defendants filed their response in opposition on December 23, 2020. The plaintiff did not file a reply.

*Discussion*

**Federal Rule of Civil Procedure 15(a)** provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Because pleadings merely serve to put the opposing side on notice, they should be amended freely as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. **Rule 15(a);** *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000). The district court is afforded substantial discretion in determining whether leave to amend should be granted. ***Bethany Pharmacal Co. v. QVC, Inc.***, 241 F.3d 854, 861-62 (7th Cir. 2001); ***Marshall v. Town of Merrillville***, 262 F.Supp.3d 733, 738 (N.D. Ind. 2017).

In opposition to the plaintiff's renewed motion to amend, the defendants argue, *inter alia*, that the plaintiff filed the instant motion outside of the Rule 16 pleadings' deadline and failed to offer good cause for doing so.  Under **Federal Rule of Civil Procedure 6(b)(1)(B)** a party may move to extend a deadline that already has passed.  **Rule 6(b)(1)(B)** allows a court, for good cause, to grant such a motion if the moving party can show "that it failed to act because of excusable neglect." *See* **Bowman v. Korte**, 962 F.3d 995, 997 (7th Cir. 2020).  A party's failure to "meaningful[ly] explain" its reasons for seeking an extended deadline is plain neglect, not excusable neglect. **Bowman**, 962 F.3d at 998; *see* **Simstad v. Scheub**, 2014 WL 12804907, at *2 (N.D. Ind. Jan. 9, 2014) (*quoting* **Pioneer Investment Servs. Co.,** 507 U.S. at 391-92 ("Although inadvertence, ignorance of the rules, or mistakes construing rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant")).

Pursuant to the court's May 22, 2020 order [DE 20], the last date for the parties to seek leave of court to join additional parties or amend the pleadings was October 15, 2020.  The plaintiff filed the instant motion on December 16, 2020, two months past the deadline.  The plaintiff's justification for filing this request out of time is unclear.  However, the only statement that the court is inclined to consider as justification is "through inadvertence, plaintiff did not file a reply brief to Defendant's response" to the plaintiff's first request to amend her complaint.  (DE 39 at ¶).  Ironically, she failed to file a reply to the defendant's response to the instant motion as well.  The plaintiff's reasoning is insufficient to meaningfully explain her failure to abide by the pleading deadline.  Therefore, the court finds that the plaintiff's neglect is not excusable.

While the plaintiff has had a habit of failing to timely file responses and replies throughout this lawsuit, the court also notes that the content of her proposed amended complaint is nearly identical to that of the one she proposed with her original motion to amend which was denied. Due to the plaintiff's failure to show good cause for filing this motion untimely, the court does not find it necessary to address the contents of the pending proposed amended complaint.

Lastly, the plaintiff claims that the defendants will not be prejudiced if the court grants her request to amend the complaint. The Seventh Circuit, however, has found that a "[l]ack of prejudice to the non-movant is often used as a reason to excuse neglect, but even if we assume that [the nonmovant] suffered no prejudice, it 'will not suffice if no excuse at all is offered or if the excuse is so threadbare as to make the neglect inexplicable.'" ***Bowman***, 962 F.3d at 998 (*quoting* ***United States v. McLaughlin***, 470 F.3d 698, 700-01 (7th Cir. 2006)).

Based on the foregoing reasons, the Renewed Motion for Leave to File Amended Complaint [DE 39] is **DENIED.**

ENTERED this 11th day of May, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge