UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JARISSA GILLASPY, <br><br> Plaintiff, <br><br> v. <br><br> CLUB NEWTONE, INC. and MJV GROUP, INC., <br><br> Defendants. | CAUSE NO.: 4:20-CV-13-TLS-APR |
| CLUB NEWTONE, INC., MARC A. VAUGHN, and MJV GROUP, INC., <br><br> Counter Claimants, <br><br> v. <br><br> JARISSA GILLASPY, <br><br> Counter Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Jarissa Gillaspy's Objection and Appeal of Magistrate Ruling [ECF No. 42]. For the reasons set forth below, the Plaintiff's Objection is overruled.

**BACKGROUND**

The instant case is based on an alleged campaign of sexual discrimination and harassment against Plaintiff Jarissa Gillaspy during her term of employment as a fitness instructor for Defendant Club Newtone, Inc. The Plaintiff initially filed her Complaint [ECF No. 1] on March 3, 2020, against Defendants Club Newtone, Inc., MJV Group, Inc., and Marc A. Vaughn. On October 15, 2020, the Plaintiff filed a Motion for Leave to File Amended Complaint [ECF No.

36], in which she requested leave to file an amended complaint [ECF No. 36-1] to bring additional claims of fraud, conspiracy, and defamation.[1] The Defendants and Marc A. Vaughn filed a Response [ECF No. 37] on October 20, 2020. The Plaintiff did not file a reply. On December 7, 2020, the Court issued an Opinion and Order [ECF No. 38], signed by Magistrate Judge Andrew P. Rodovich, denying the Plaintiff's Motion for Leave to File Amended Complaint. Dec. 7, 2020 Op. & Order 6, ECF No. 38.

The Plaintiff then, on December 16, 2020, filed a Renewed Motion for Leave to File Amended Complaint [ECF No. 39]. Again, the Defendants and Vaughn filed a Response [ECF No. 45], and the Plaintiff did not file a reply. On May 11, 2021, the Court issued an Opinion and Order denying the Plaintiff's Renewed Motion for Leave to File Amended Complaint. May 11, 2021 Op. & Order 4, ECF No. 50.

On December 16, 2020, in addition to her Renewed Motion, the Plaintiff also filed the instant Objection and Appeal of Magistrate Ruling [ECF No. 42]. The Defendants and Vaughn filed a Response [ECF No. 46]. The Plaintiff did not file a reply, and the time to do so has passed.

**LEGAL STANDARD**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading with the court's leave. Fed. R. Civ. P. 15(a)(2). Under the same rule, courts are instructed to freely give leave when justice so requires. *Id.* "[D]istrict courts should not deny leave absent a 'good reason'—such as futility, undue delay, prejudice, or bad faith." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 417 (7th Cir. 2019) (quoting *Life Plans, Inc. v.*

---

[1] The Plaintiff has filed an amended complaint on two other occasions: One to drop certain state law tort claims and one to drop a Title VII claim that was improperly alleged against Marc A. Vaughn. *See* ECF Nos. 9, 26, 27.

*Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357 (7th Cir. 2015)). "An amendment may be futile when it fails to state a valid theory of liability, or could not withstand a motion to dismiss." *Ball v. Norfolk S. Ry. Co.*, No. 3:10-CV-177, 2011 WL 13352807, at *2 (N.D. Ind. Oct. 11, 2011) (citing *Advent Elecs., Inc. v. Buckman*, 918 F. Supp. 260, 264 (N.D. Ill. 1996)). District courts have "broad discretion" to decide whether to allow an amendment. *Levan Galleries LLC v. City of Chicago*, 790 F. App'x 834, 835–36 (7th Cir. 2020) (quoting *Garner v. Kinnear Mfg. Co.*, 37 F.3d 263, 269 (7th Cir. 1994)).

After a magistrate judge issues an order on a pretrial matter that is not dispositive of a party's claim or defense, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

## ANALYSIS

In her Objection and Appeal of Magistrate Ruling [ECF No. 42], the Plaintiff does not argue that the magistrate judge's order is clearly erroneous or contrary to law. Instead, the Plaintiff solely attempts to relitigate the issue of amending her complaint. This is not the purpose of an objection to a magistrate judge's ruling.[2] In her Motion for Leave to File Amended Complaint [ECF No. 36], the Plaintiff sought to add an additional claim of fraud against Vaughn

---

[2] The Court notes that the Plaintiff included a proposed Third Amended Complaint [ECF No. 42-1] with her Objection and Appeal of Magistrate Ruling [ECF No. 42]. However, it is not identical to the proposed Third Amended Complaint that was considered by Judge Rodovich in connection with the Plaintiff's Motion for Leave to File Amended Complaint. *See* ECF No. 36-1. The Court already denied the Plaintiff leave to file this altered version of the proposed Third Amended Complaint [ECF No. 42-1]. *See* May 11, 2021 Op. & Order, ECF No. 50. There is no reason for the Court to consider the altered Third Amended Complaint [ECF No. 42-1] at this time, as it has no bearing on whether Judge Rodovich's order denying the Motion for Leave to File Amended Complaint [ECF No. 36] is clearly erroneous or contrary to law. Accordingly, the Court only considers and refers to the proposed Third Amended Complaint [ECF No 36-1] that was filed with the Plaintiff's Motion for Leave to File Amended Complaint [ECF No. 36].

and a claim of defamation and civil conspiracy against Vaughn and Kari Cunningham. There are no claims currently pending against either Vaughn or Cunningham. The Court considers the viability of each claim in turn.

**A.     Fraud**

Rule 9 of the Federal Rules of Civil Procedure provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Indiana law, the elements of a fraud claim are "(1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of." *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 335 (Ind. 2013) (quoting *Lawyers Title Ins. Corp. v. Pokraka*, 595 N.E.2d 244, 249 (Ind. 1992)). "Actual fraud may not be based on representations of future conduct, on broken promises, or on representations of existing intent that are not executed." *Wallem v. CLS Indus. Inc.*, 725 N.E.2d 880, 889 (Ind. Ct. App. 2000) (citing *Anderson v. Indianapolis Ind. AAMCO Dealers Advert. Pool*, 678 N.E.2d 832, 837 (Ind. Ct. App. 1997)).

The magistrate judge provided two reasons for concluding that the Plaintiff's fraud claim was futile. First, the magistrate judge determined that the Plaintiff's fraud claim did not meet the particularity requirement of Rule 9(b). Second, the magistrate judge identified that the conduct at issue is not actionable because the alleged fraudulent statements concerned only future facts. Either reason could render the Plaintiff's fraud claim futile and, thus, would be sufficient justification to deny the Plaintiff's request to amend her complaint to include the proposed fraud

4

claim. The Court addresses only the second reason—that the alleged fraudulent statements concern only future facts—for the purpose of resolving the Plaintiff's objection.

The Plaintiff's fraud and defamation claims are included in the same section of the proposed Third Amended Complaint and make the following allegations:

> 117. Marc Vaughn took actions and made statements to Ms. Gillaspy that were intended to trick and deceive her and encourage her to go to Vaughn's girlfriend's home where Vaughn was alone so that Vaughn could try to force sexual conduct upon her.
>
> 118. Vaughn's conduct includes, without limitation, sending text messages to [Gillaspy], falsely claiming that Gillaspy would be providing Vaughn with off-site personal training; falsely stating that he was or might be asleep when she arrived; falsely stating that Gillaspy stole one or more items from Vaughn's then-girlfriend's house; and falsely stating he did not engage in any sexual activity with Ms. Gillaspy that was not consensual.
>
> 119. Ms. Gillaspy relied on Vaughn's statements and conduct to her detriment, leading her to go to the house, which caused her damages.
>
> 120. Vaughn falsely stated to one or more persons that Gillaspy made one or more false reports of sexual misconduct.
>
> 121. Vaughn knew his statements were false.
>
> 122. Vaughn communicated to one or more persons that Gillaspy was untruthful, that she lied about Vaughn engaging in sexual misconduct with her, and that Vaughn did not touch her.

Proposed 3d Am. Compl. ¶¶ 117–22, ECF No. 36-1. The alleged dishonest conduct does not amount to a material misrepresentation of past or existing fact; rather it is merely a representation of future conduct, a broken promise, and/or a representation of existing intent that was not executed. Not all lies amount to fraud, and not every repugnant act is actionable. If the Court permitted the Plaintiff to amend her complaint as proposed, her fraud claim would be defeated on a motion to dismiss because it fails to allege conduct that is actionable in a fraud claim. Therefore, allowing the Plaintiff to amend her complaint in such a manner would be futile.

5

The magistrate judge's decision is not clearly erroneous or contrary to law regarding the Plaintiff's fraud claim; thus, the Plaintiff's objection is overruled.

**B.      Conspiracy**

"A civil conspiracy is a combination of two or more persons who engage in a concerted action to accomplish an unlawful purpose or to accomplish some lawful purpose by unlawful means." *Bd. of Trs. of Purdue Univ. v. Eisenstein*, 87 N.E.3d 481, 498 (Ind. Ct. App. 2017) (quoting *Birge v. Town of Linden*, 57 N.E.3d 839, 845 (Ind. Ct. App. 2016)). "Civil conspiracy is not an independent cause of action" and "must be alleged with an underlying tort." *Id.* (quoting *Birge*, 57 N.E.3d at 846). The magistrate judge determined that the Plaintiff's conspiracy claim was futile because the Plaintiff did not identify an underlying tort to support her claim.

In the proposed Third Amended Complaint, the Plaintiff alleges a civil conspiracy claim against Vaughn and Cunningham. The Plaintiff alleges that Vaughn and Cunningham entered into an agreement to obstruct the EEOC's investigation of the Plaintiff's complaint and to terminate her employment as retaliation for filing an EEOC complaint. It is unclear what underlying tort the civil conspiracy claim is based upon, and the Plaintiff does not offer any legal basis for an underlying tort in her objection. If the Court permitted the Plaintiff to amend her complaint as proposed, her civil conspiracy claim would be defeated on a motion to dismiss because civil conspiracy is not an independent cause of action and the Plaintiff has failed to identify an underlying tort to support her civil conspiracy claim. Therefore, allowing the Plaintiff to amend her complaint in such a manner would be futile. The magistrate judge's decision is not clearly

6

erroneous or contrary to law as to the Plaintiff's motion to amend her complaint regarding her civil conspiracy claim; therefore, the Plaintiff's objection is overruled.

**C.     Defamation**

Under Indiana law, the elements of a defamation claim are: "(1) a communication with a defamatory imputation; (2) malice; (3) publication; and (4) damages." *Haegert v. McMullan*, 953 N.E.2d 1223, 1230 (Ind. Ct. App. 2011) (citing *McQueen v. Fayette Cnty. Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct. App. 1999)). The specific allegations made in the Plaintiff's defamation claim are set forth in Part A above.

*1.     Magistrate Judge's Decision—Futility*

In considering the Plaintiff's proposed defamation claim, the magistrate judge explained:

> The court finds it troubling that the plaintiff would propose a defamation claim against Kari [Cunningham] but not include any alleged statements made by her. As to Marc Vaughn, the plaintiff's factual allegations are ambiguous as to the supposed statements he made and to whom they were published. Marc Vaughn maintains that to the extent such statements were made, they were made in connection to the pending lawsuit which includes to the EEOC. As noted earlier, the plaintiff has not opposed any of the defendants' arguments as to the instant motion, so for that reason and the reasons discussed above, the court finds the proposed defamation claim against Marc [Vaughn] and Kari [Cunningham] to be futile.

Dec. 7, 2020 Op. & Order 5. The Plaintiff's Motion for Leave to File Amended Complaint indicates that she sought to bring a "defamation [claim] against Marc Vaughn and Kari [Cunningham]." Mot. to File Am. Compl. 1, ECF No. 36. However, the "Fraud & Defamation" Section of her Third Amended Complaint does not reference any conduct by Cunningham. *See* Proposed 3d Am. Compl. ¶¶ 117–22. Accordingly, the magistrate judge's determination that a defamation claim against Cunningham would be futile is not clearly erroneous or contrary to law.

Regarding the Plaintiff's defamation claim against Vaughn, the magistrate judge's decision was contrary to law when he concluded that the claim is futile. First, the fact that the Plaintiff's factual allegations are ambiguous as to the supposed statements Vaughn made and to whom they were published does not render the Plaintiff's defamation claim against Vaughn futile. *See Brock v. U.S. Steel Corp.*, No. 2:09-CV-344, 2010 WL 405620, at *3 (N.D. Ind. Jan. 27, 2010) ("Indeed, in *Cain*, Judge Lozano, laid out the various views taken by the courts within the Seventh Circuit and noted that 'the trend is to deny a motion to dismiss even though the complaint does not state in detail the context in which the defamatory statements were made." (quoting *Cain v. Elgin, Joliet & E. Ry. Co.*, No. 2:04-CV-347, 2005 WL 1172722, at *3 (N.D. Ind. May 3, 2005))).

Second, the fact that the Plaintiff did not respond to the Defendants' and Marc Vaughn's argument that the defamatory statements at issue were made in connection to this lawsuit does not render her defamation claim futile. The Defendants and Vaughn argue that Vaughn's litigation statements are privileged and not subject to a defamation lawsuit. The Court recognizes that this defense is viable under Indiana law. *See Hartman v. Keri*, 883 N.E.2d 774, 777–78 (Ind. 2008) (recognizing that "Indiana law has long recognized an absolute privilege that protects all relevant statements made in the course of a judicial proceeding, regardless of the truth or motive behind the statements" and applying that law to a quasi-judicial proceeding); *Kelley v. Tanoos*, 865 N.E.2d 593, 597 (Ind. 2007) ("A qualified privilege protects 'communications made in good faith on any subject matter in which the party making the communication has an interest or in reference to which he has a duty, either public or private, either legal, moral, or social, if made to a person having a corresponding interest or duty." (quoting *Bals v. Verduzco*, 600 N.E.2d 1353, 1356 (Ind. 1992))). However, privilege is an affirmative defense, *see* 18 Ind. Law Encyc. Libel

8

and Slander § 33 (2021) (explaining that the principal defenses to an action for defamation include absolute privilege and qualified or conditional privilege), and "[c]omplaints cannot be dismissed for failing to anticipate an affirmative defense," *Bledsoe v. Medtronic, Inc.*, No. 2:18-CV-133, 2020 WL 43107, at *5 (N.D. Ind. Jan. 3, 2020) (citing *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)). "Only when the plaintiff pleads [herself] out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem, Inc.*, 372 F.3d at 901 (citing *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002)). In this case, the Plaintiff's pleadings do not contain sufficient factual allegations to support the Defendants and Vaughn's proposed affirmative defense; therefore, the possibility of an immunity defense does not render the Plaintiff's claim futile.

### 2. *Undue Delay and Prejudice*

Because the Court has determined that the Plaintiff's defamation claim is not futile, it will consider the arguments that were not addressed by the magistrate judge. In addition to the futility argument, the Defendants and Vaughn argued that the Plaintiff's motion should have been denied on the basis of undue delay and prejudice.

### i. *Undue Delay*

In her motion, the Plaintiff contends that, "[o]n August 25, 2020, Plaintiff conducted the deposition of Marc Vaughn. Through said deposition, Vaughn testified and provided support for additional theories." Mot. to File Am. Compl. 1. The Plaintiff does not identify what facts have been discovered or how they support her new claims.

The Court recognizes that the discovery of facts supporting a new legal theory is, generally, sufficient grounds for amending a complaint. However, the Plaintiff's representation

9

that new facts have been discovered is misleading. The facts alleged in the proposed Third Amended Complaint are almost identical to the facts in her Amended Complaint [ECF No. 9], which was filed four months prior to Vaughn's deposition. *See* Am. Compl. ¶¶ 69–73; ECF No. 9. Accordingly, the Plaintiff's explanation for failing to file this amendment sooner is wholly inadequate, which weighs in favor of denying leave to amend. *See J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co., Inc.*, 265 F.R.D. 341, 347 (N.D. Ind. 2010) ("If the moving party fails to provide any explanation for not filing its amendment sooner or if the explanation it provides is inadequate, that will weigh towards denying leave to amend." (citing *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995); *Kleinhans v. Lisle Sav. Profit Sharing Tr.*, 810 F.2d 618, 625 (7th Cir. 1987))).

Although the timing of the Plaintiff's motion was less than ideal, "[u]ndue delay alone is insufficient to support denial of leave to amend." *Id.* (citing *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004)). However, "it may militate towards a denial when combined with another factor, often unfair prejudice to the nonmoving party." *Id.* (citing *Dubicz*, 377 F.3d at 793). Accordingly, the Plaintiff's undue delay alone is not sufficient to deny her motion to amend.

    ii.    *Prejudice*

In their Response, the Defendants and Vaughn argue that they are "prejudiced by these endless tactics because it unnecessarily drags out litigation against a now closed business especially when these new theories are barred by Plaintiff's previous stipulations and amendments to her pleadings as well as their complete lack of merit, as well as a previous order declaring such." Resp. to Obj. 11, ECF No. 46; *see also* Resp. to Mot. 8, ECF No. 37. Additionally, the Defendants and Vaughn argue that Vaughn will be prejudiced because the

Plaintiff has already voluntarily dismissed her claims against him. Resp. to Obj. 11; Resp. to Mot. 9. The Plaintiff's motion contends that "Defendants will not be prejudiced by the filing of the response." Mot. to File Am. Compl. 1. Although the Plaintiff makes this representation, she provides no justification for her assertion. The Plaintiff does not specifically address whether Vaughn will be or will not be prejudiced.

"[I]n the Seventh Circuit, the 'party seeking an amendment carries the burden of proof in showing that no prejudice will result to the non-moving party.'" *J.P. Morgan Chase Bank, N.A*, 265 F.R.D. at 354 (quoting *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994)). The Plaintiff does not attempt to meet this burden, as the Plaintiff did not file a reply and nothing in her motion serves to demonstrate that the Defendants or Vaughn would not be prejudiced by her proposed amendments. Accordingly, due to the Plaintiff's undue delay and her failure to show that the non-moving parties will not be prejudiced by her amendment, the Plaintiff's motion to amend to bring a defamation claim against Vaughn is denied.

## CONCLUSION

The Court's December 7, 2020 Opinion and Order is MODIFIED by this Opinion and Order. For the reasons set forth above, the Plaintiff's Motion for Leave to File Amended Complaint [ECF No. 36] is DENIED and the Plaintiff's Objection and Appeal of Magistrate Ruling [ECF No. 42] is OVERRULED.

SO ORDERED on August 19, 2021.

    s/ Theresa L. Springmann
    JUDGE THERESA L. SPRINGMANN
    UNITED STATES DISTRICT COURT