UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JARISSA GILLASPY, <br><br> Plaintiff, <br><br> v. <br><br> CLUB NEWTONE, INC. and MJV GROUP, INC., <br><br> Defendants. | CAUSE NO.: 4:20-CV-13-TLS-APR |
| CLUB NEWTONE, INC., MARC A. VAUGHN, and MJV GROUP, INC., <br><br> Counter Claimants, <br><br> v. <br><br> JARISSA GILLASPY, <br><br> Counter Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant MJV Group, Inc.'s Motion to Dismiss [ECF No. 29]. For the reasons set forth below, Defendant MJV Group, Inc.'s Motion to Dismiss is denied.

## BACKGROUND

The instant case is based on an alleged campaign of sexual discrimination and harassment against Plaintiff Jarissa Gillaspy during her term of employment as a fitness instructor for Defendant Club Newtone, Inc. The Plaintiff initially filed her Complaint [ECF No. 1] on March 3, 2020, against Defendants Club Newtone, Inc. ("Club Newtone"), MJV Group, Inc. ("MJV Group"), and Marc A. Vaughn. The Plaintiff has filed an amended complaint on two occasions:

One to drop certain state law tort claims and one to drop a Title VII claim that was improperly alleged against Marc A. Vaughn. *See* ECF Nos. 9, 26, 27

On August 13, 2020, Defendant MJV Group filed a Motion to Dismiss [ECF No. 29] pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. On September 18, 2020, the Plaintiff filed a Response [ECF No. 34], and on September 25, 2020, Defendant MJV Group filed a Reply [ECF No. 35].

## LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings should be granted "only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support [her] claim for relief.'" *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)); *see also Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020) ("[T]he motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that [the moving party] is entitled to relief." (quoting *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020))). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452. When ruling on a Rule 12(c) motion, "the [C]ourt views all facts and inferences in the light most favorable to the non-moving party." *Federated Mut. Ins. Co.*, 983 F.3d at 313 (citing *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993)). Additionally, the Court may consider only the pleadings, which "includes the complaint, the

answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452–53 (citing Fed. R. Civ. P. 10(c)).

## ANALYSIS

The Plaintiff's Complaint alleges Title VII claims against Defendant Newtone and Defendant MJV Group. Defendant MJV Group argues that the Plaintiff's Title VII claims against it should be dismissed because the Plaintiff did not name it in her Equal Employment Opportunity Commission ("EEOC") charge or provide it with adequate notice of the charge. "Ordinarily, a party not named in an EEOC charge may not be sued under Title VII." *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989) (citing 42 U.S.C. § 2000e–5; *LeBeau v. Libbey–Owens–Ford Co.*, 484 F.2d 798, 799 (7th Cir. 1973)). However, "an exception to the general rule that a party named in a Title VII suit must have been named in a previous EEOC charge exists where 'an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance.'" *Id.* at 126–27 (quoting *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981)). The Plaintiff's Second Amended Complaint alleges:

> 10. Ms. Gillaspy filed a complaint of discrimination against defendants with the Indiana Civil Rights Commission (ICRC) on August 8, 2018.
>
> 11. The ICRC received Ms. Gillaspy's complaint of discrimination against defendants on August 8, 2020.
>
> 12. Ms. Gillaspy filed an administrative charge with the Equal Employment Opportunity Commission on August 8, 2018.
>
> 13. The EEOC received Ms. Gillaspy's administrative charge on August 8, 2018.
>
> 14. Ms. Gillaspy's Charge Number with the EEOC for discrimination is 470-2018-03811.

> 15. The Equal Employment Opportunity Commission issued to Ms. Gillaspy a Notice of Right to Sue letter on Charge Number 470-2018-03811 on February 4, 2020 . . . .
>
> . . .
>
> 18. Ms. Gillaspy filed another administrative charge with the Equal Employment Opportunity Commission on April 18, 2019, Charge Number 470-2019-02340, for retaliation.
>
> 19. The Equal Employment Opportunity Commission issued to Ms. Gillaspy a Notice of Right to Sue letter on Charge Number 470-2019-02340 on December 4, 2019 . . . .

2d Am. Compl. ¶¶ 10–19, ECF No. 27. In opposition to these allegations, Defendant MJV Group indicates "[t]he only party named in the [EEOC] charge was Club Newtone. The fact section of the charge does not even allude to MJV Group, Inc.'s involvement in the alleged discriminatory conduct." Def.'s Mem. 4, ECF No. 30.[1] Based on the Plaintiff's Complaint and Defendant MJV Group's arguments, it is clear that there are material issues of fact that cannot be resolved at this time. Specifically, whether Defendant MJV Group was named in the EEOC charge, whether any of its conduct was referenced in the EEOC charge, and the extent, if any, of its involvement in the EEOC Proceedings.

It can be reasonably inferred from the Plaintiff's Second Amended Compliant that she is alleging to have named both Defendant Club Newtone and Defendant MJV Group in the EEOC charge. The Plaintiff's Complaint clearly alleges that she filed a complaint of discrimination against the "defendants"—which includes Defendant MJV—with the Indiana Civil Rights Commission ("ICRC"). She further alleges that, on the same day, she filed an administrative charge with the EEOC and, eight months later, filed a second administrative charge with the

---

[1] The Court notes that Defendant MJV Group also indicates that it "is a completely separate entity from —and is not a subsidiary of—Club Newtone." Def.'s Mem. 4. Alternatively, the Plaintiff contends that "Club Newtone is an alter ego of MJV." 2d Am. Compl. ¶ 83. At this time, the corporate structure of Defendants Club Newtone and MJV Group is not a dispositive issue.

EEOC. Although the Plaintiff does not specify which parties she filed the EEOC charge against, her prior reference to "defendants" allows the Court to reasonably infer that she, again, is alleging to have filed the charge against all defendants.

Defendant MJV Group's arguments directly contradict this allegation. However, these arguments are premature, as they necessarily depend on evidence not contained in the pleadings.[2] Resolving this material issue of fact would require the Court to consider the contents of the EEOC charge or other evidence demonstrating that Defendant MJV Group was without notice of the EEOC charge. The Court may not consider the contents of the EEOC charge at this time, because it is not a part of the pleadings (and it has not been submitted to the Court). Furthermore, nothing before the Court serves to show that Defendant MJV Group was without notice of the EEOC Charge.

The Court notes that the only exhibits related to this issue that are a part of the pleadings are the Right to Sue Letters. *See* Pl.'s Exs. A, B, ECF No. 27. These Letters do not clearly indicate what was alleged in the EEOC charge or which parties were involved in the EEOC proceedings. The only reference to either party is an indication that both Letters were mailed to Defendant Club Newtone. *Id.* at 10, 12. However, this alone does not prove that Defendant MJV Group was not named in the EEOC charge or otherwise involved in the EEOC proceedings.

For the reasons provided above, the Court denies Defendant MJV Group's motion.

---

[2] The Court notes that "Federal Rule of Civil Procedure 12(d) allows a district court to convert a motion to dismiss or motion for judgment on the pleadings into a motion for summary judgment . . . '[i]f on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court.'" *Federated Mut. Ins. Co.*, 983 F.3d at 313 (quoting Fed. R. Civ. P. 12(d)). However, Defendant MJV Group did not present any exhibits that could support a motion for summary judgment.

## CONCLUSION

For the reasons stated above, Defendant MJV Group, Inc.'s Motion to Dismiss [ECF No. 29] is DENIED. Additionally, the Defendants' Motion to Dismiss [ECF No. 21] and Defendant MJV's Praecipe for Hearing [ECF No. 51] are DENIED as moot.

SO ORDERED on August 19, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT