UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JARISSA GILLASPY, <br><br> Plaintiff, <br><br> v. <br><br> CLUB NEWTONE, INC. and MJV GROUP, INC., <br><br> Defendants. | CAUSE NO.: 4:20-CV-13-TLS-APR |
| CLUB NEWTONE, INC., MARC A. VAUGHN, and MJV GROUP, INC., <br><br> Counter Claimants, <br><br> v. <br><br> JARISSA GILLASPY, <br><br> Counter Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff/Counter Defendant Jarissa Gillaspy's Motion to Dismiss Counterclaim [ECF No. 13]. For the reasons set forth below, Gillaspy's motion is granted in part and denied in part.

**BACKGROUND**

The instant case is based on an alleged campaign of sexual discrimination and harassment against Plaintiff/Counter Defendant Jarissa Gillaspy during her term of employment as a fitness instructor for Defendant/Counter Claimant Club Newtone, Inc. ("Club Newtone"). Gillaspy initially filed her Complaint [ECF No. 1] on March 3, 2020, against Defendants Club Newtone, Inc., MJV Group, Inc., and Marc A. Vaughn. On April 3, 2020, Gillaspy filed an Amended Complaint [ECF No.

9]. The Defendants/Counter Claimants filed an Answer and Counterclaims [ECF No. 10], in which Marc A. Vaughn alleges two defamation claims (Counts I and II) and Club Newtone alleges a breach of contract claim (Count III). Gillaspy then filed her Motion to Dismiss Counterclaim [ECF No. 43]. Vaughn and Club Newtone filed a Response [ECF No. 17], and Gillaspy filed a Reply [ECF No. 19].[1]

## LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

A motion to dismiss brought under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the counter claimant, and draws all reasonable inferences in favor of the counter claimant. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). Surviving a Rule 12(b)(6) motion "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* "A claim has facial plausibility when the [counter claimant] pleads factual content that allows the

---

[1] On July 22, 2020, the Court granted the Plaintiff leave to file a Second Amended Complaint to drop her claims against Vaughn, *see* ECF No. 26, and the Second Amended Complaint [ECF No. 27] was filed on August 4, 2020.

court to draw the reasonable inference that the [counter defendant] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

In her Motion to Dismiss Counterclaim [ECF No. 43], Gillaspy argues that Vaughn's defamation counterclaims (Counterclaim Counts I & II) contain insufficient facts for a defamation claim under Indiana law. She also argues that the Court does not have jurisdiction over Club Newtone's breach of contract counterclaim (Counterclaim Count III) and that Club Newtone's counterclaim fails to state a claim upon which relief can be granted. The Court assesses each argument in turn.

### A. Defamation

In her motion, Gillaspy argues that Vaughn's defamation counterclaims are insufficient under Indiana law because they are devoid of any defamatory statements outside of what is contained in her Complaint. In making this argument, Gillaspy relies on the Indiana Supreme Court's holding in *Trail v. Boys & Girls Clubs*, where the court held that litigants bringing defamation claims must include the defamatory statement at issue in their complaint. 845 N.E.2d 130, 136–37 (Ind. 2006); *see also Haegert v. McMullan*, 953 N.E.2d 1223, 1230 (Ind. Ct. App. 2011). Gillaspy also argues that the counterclaims are insufficient because they fail to allege any person to whom a defamatory statement was published, the date on which the statements were made, or whether the statements were written or spoken.

Vaughn argues that the rule adopted by the Indiana Supreme Court in *Trail* is incompatible with the federal pleading requirements. Vaughn also argues that his defamation counterclaims do not need to include the additional information identified by Gillaspy to meet the requirements of Rule 8. Gillaspy, in her reply, "concedes that state procedural law does not apply in Federal Court" and "makes no further argument against the defamation claim at this time." Reply 6; ECF No. 19. The Court understands this to mean that Gillaspy concedes that Vaughn need not include the statement at issue in his counterclaims, but still contends that his counterclaims do not state a claim upon which relief can be granted.

3

Under Indiana law, the elements of a defamation claim are: "(1) a communication with a defamatory imputation; (2) malice; (3) publication; and (4) damages." *Haegert*, 953 N.E.2d at 1230 (citing *McQueen v. Fayette Cnty. Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct. App. 1999)). Each of the counterclaims allege that Gillaspy made a communication to another about Vaughn engaging in sexual assault and sexual misconduct, that the communications were untrue, and that Vaughn's reputation was injured. Answer & Countercl. 17–19, ECF No. 10. Accordingly, Counterclaim Counts I and II both contain sufficient factual allegations to put Gillaspy on notice of what Vaughn's claims are and the grounds upon which they rest. Accordingly, the Court denies Gillaspy's motion as it relates to Vaughn's defamation counterclaims.

**B.     Breach of Contract**

Gillaspy argues that Club Newtone's breach of contract claim should be dismissed because there is no independent federal subject matter jurisdiction and because it fails to state a claim upon which relief can be granted. Club Newtone alleges that it and Gillaspy entered into a Non-Compete Agreement and that Gillaspy, since she ceased working for Club Newtone on April 12, 2019, has breached the Covenants contained in Section 2 of the Non-Compete Agreement. Answer & Countercl. 19–20. Section 2 of the Non-Compete Agreement prevents prior employees from entering into or attempting to enter into "Restricted Business," interfering with Club Newtone's employees, interfering with Club Newtone's customers, and utilizing Club Newtone's confidential information and intellectual property. Non-Compete Agreement, ECF No. 10-1. Club Newtone also alleges that its counterclaim relies on the Court's supplemental jurisdiction.

   **1.     *Subject Matter Jurisdiction***

Gillaspy argues that the Court does not have subject matter jurisdiction over Club Newtone's breach of contract claim. With some exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are

4

so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). When determining whether claims form part of the same case or controversy, "[c]ourts often ask whether the claims share a common nucleus of operative facts." *Prolite Bldg. Supply, LLC v. MC Mfrs., Inc.*, 891 F.3d 256, 258 (7th Cir. 2018) (citing *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008)).

In this case, the Court has original jurisdiction over Gillaspy's Title VII claims under 28 U.S.C. § 1331. Gillaspy argues that the Court cannot exercise supplemental jurisdiction over Club Newtone's claim because "[t]his case is about Defendants' sexual discrimination, including the pervasive sexual hostility and confinement of Defendants' president and CEO." Reply 5, ECF No. 19. Club Newtone argues that the Court should exercise its supplemental jurisdiction because both its and Gillaspy's claims involve Gillaspy's employment with Club Newtone.

Gillaspy makes three different Title VII claims: employment discrimination, retaliation, and hostile work environment. Although the nature of each claim is similar, the elements necessary to succeed on each claim are different. To succeed on her employment discrimination claim, Gillaspy will have to prove that she "was subjected to an adverse employment action based on a statutorily prohibited factor" *Logan v. City of Chicago*, 4 F.4th 529 (7th Cir. 2021). To succeed on her retaliation claim, she will have to prove that "1) she engaged in statutorily-protected expression; 2) she suffered an adverse action by her employer; and, 3) there is a causal link between the protected expression and the adverse action." *O'Donnell v. Caine Weiner Co.*, 935 F.3d 549, 553 (7th Cir. 2019) (quoting *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 868–69 (7th Cir. 1995)). And to succeed on her hostile work environment claim, she "must show: (1) unwelcome harassment; (2) based on a protected characteristic; (3) that was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) a basis for employer liability." *Demkovich v. St. Andrew the Apostle Parish*, 3 F.4th 968, 977 (7th Cir. 2021) (citing *Howard v. Cook Cnty. Sheriff's Off.*, 989 F.3d

5

587, 600 (7th Cir. 2021)). In contrast, the essential elements of Club Newtone's breach of contract claim "are the existence of a contract, the [counter defendant's] breach thereof, and damages." *Berg v. Berg*, 170 N.E.3d 224, 231 (Ind. 2021) (quoting *Fowler v. Campbell*, 612 N.E.2d 596, 600 (Ind. Ct. App. 1993)).

Club Newtone's counterclaim alleges that "[o]n or about April 12, 2019 Plaintiff/Counterclaim Defendant ceased working for Defendant/Counter Claimant Club Newtone, Inc." and that "[u]pon Defendant/Counter Claimant Club Newtone, Inc.'s information and belief, since April 12, 2019, Plaintiff/Counterclaim Defendant has breached the Covenants contained in Section 2 of the Non-Compete Agreement." Answer & Countercl. 20. Accordingly, Club Newtone's counterclaim involves conduct that occurred after Gillaspy's employment was terminated. Nevertheless, Club Newtone argues that "[r]egardless of whether or not the Court exercises supplemental jurisdiction over Count III, Defendants will seek to introduce evidence to support their defenses which mirror the breach of contract allegation in Count III of the Counterclaim. If Defendants successfully raise these defenses, they will establish the factual predicate necessary to recover the breach of contract allegation." Response 7, ECF No. 17. Club Newtone also argues that "violation of the Non-Compete Agreement after leaving Club NewTone, Inc. is a motive to fabricate the allegations made against Defendants Vaughn and Club NewTone, Inc." *Id.*

Gillaspy's Title VII claims and Club Newtone's breach of contract counterclaim have no overlapping elements and the claims necessarily rely on different evidence. Club Newtone fails to explain how evidence of conduct occurring after Gillaspy was terminated will disprove or defend liability from Gillaspy's Title VII claims, which involve how she was treated during her term of employment. Moreover, Club Newtone's argument that Gillaspy only filed her claim due to concerns created by violating the Non-Compete Agreement is irrelevant. If Gillaspy satisfies the elements of her claims, judgment will be entered in her favor regardless of her underlying motivations for bringing this

lawsuit. The only commonality between Gillaspy's and Club Newtone's claims is the employment relationship between the parties; however, that is insufficient to establish supplemental jurisdiction. *See Geiser v. Goshen Health Sys. Inc.*, No. 3:17-CV-864, 2018 WL 3619796, at *2 (N.D. Ind. July 30, 2018) ("[T]he common fact that an employment relationship existed between the parties, standing alone, is insufficient to support supplemental jurisdiction." (citing *Mourning v. Ternes Packaging, Ind., Inc.*, 1:14-CV-772, 2015 WL 13646940, at *2 (S.D. Ind. Aug. 24, 2015))). Accordingly, the Court concludes that it lacks supplemental jurisdiction over Club Newtone's breach of contract counterclaim and dismisses the claim. Because the Court lacks supplemental jurisdiction over Club Newtone's counterclaim, it need not determine whether the claim satisfies the federal pleading requirements.

## CONCLUSION

For the reasons stated above, Plaintiff/Counter Defendant Jarissa Gillaspy's Motion to Dismiss Counterclaim [ECF No. 13] is granted in part and denied in part. Defendant/Counter Claimant Club Newtone, Inc.'s breach of contract claim is dismissed without prejudice.

SO ORDERED on August 19, 2021.

                                              s/ Theresa L. Springmann
                                              JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT