UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE AT HAMMOND DIVISION

JARISSA GILLAPSEY,

    Plaintiff,

v.

CLUB NEWTONE, INC. and MJV GROUP, INC.,

    Defendants.

CAUSE NO.: 4:20-CV-13-TLS

**OPINION AND ORDER**

This matter is before the Court on three motions: the Defendant MJV Group, Inc.'s, Motion for Summary Judgment [ECF No. 65], filed on December 23, 2021, the Plaintiff Jarissa Gillapsey's Motion for Leave to File Sur-Reply Regarding Defendant MJV's Motion for Summary Judgment [ECF No. 70], filed on February 2, 2022, and the Plaintiff's Motion to Amend/Correct Complaint [ECF No. 71], filed on February 2, 2022. The motions are all fully briefed.

**BACKGROUND**

The Plaintiff was a personal fitness trainer at the Defendant Club Newtone, from March of 2012 until April 2019. June 2019 EEOC Charge, ECF No. 67. She alleges that she was sexually harassed and terminated in February of 2019 in retaliation for her protected activity. *Id.*; August 2018 EEOC Charge, ECF No. 67; Am. Compl. ¶¶ 51–76, ECF No. 27. The Plaintiff was told by Club Newtone that she was fired for not reaching the sales goals and not supporting the company. June 2019 EEOC Charge. The Plaintiff brings three claims against the Defendants

under Title VII for sexual harassment, hostile work environment, and retaliation. Am. Compl. ¶¶ 86–102.

The three pending motions all turn on whether the Defendant MJV Group, Inc. or MJV Management, Inc., a separate entity, were properly put on notice and given an opportunity to respond to the initial Equal Employment Opportunity Commission ("EEOC") Charges that form the basis of the Plaintiff's case. Indisputably, neither MJV Group nor MJV Management were named in the two EEOC Charges. *See* August 2018 EEOC Charge; June 2019 EEOC Charge.

Club Newtone is a health club. Marc Vaugh Dep. 19, ECF No. 68-2. MJV Group is a janitorial company. *Id.* MJV Management is a management corporation. *Id.* at 48. MJV Management provided oversight and guidance to the operation of Club Newton. Kari Cunningham Dep. 33–34, ECF No. 68-1.[1]

Marc Vaughn is sole shareholder of Club Newtone. Vaughn Dep. 15. Vaughn testified that he is not an employee of Club Newtone, although he uses its facilities on the basis that he is the owner. *Id.* He owns MJV Group, MJV Building Services, and a number of other companies as the sole shareholder. *Id.* at 18–19, 41. He is also the sole owner of MJV Management. *Id.* at 48. He is an employee of MJV Management, which is a management company that MJV Group and MJV Building Services pay fees to. *Id.* Vaughn receives his pay as an employee of MJV Management although he devotes most of his time to working on MJV Group, his janitorial company. *Id.* at 19, 48. Vaughn's deposition occurred on August 25, 2020. *Id.* at 1.

Kari Cunningham testified that she has been employed by MJV Management since 2010. Kari Dep. 30. As of the time of her deposition on November 10, 2021, she was a business

---

[1] Kari Cunningham is now Kari Vaughn and married to Marc Vaughn. Cunningham Dep. 28. The Court will refer to her as Kari Cunningham for clarity and because she did not marry Vaughn until June of 2019, after the Plaintiff was allegedly fired. *See id.* at 29.

coordinator. *Id.* She had previously been an executive director. *Id.* She testified that she does not have a "boss" at MJV Management and reports to Vaughn. *Id.* at 39. Cunningham was alerted to the EEOC charge filed by the Plaintiff. *Id.* at 114. She testified that there was no general process for handling an EEOC charge but that she submitted a statement to the EEOC about the Plaintiff's charge. *Id.* In the statement that Cunningham submitted to the EEOC, she described herself as a business manager who handled "escalated situations" for Club Newtone, MJV Management, and MJV Group. *Id.* at 174–75; Cunningham Statement, ECF No. 68-5.

In her initial EEOC charge, the Plaintiff references Vaughn as the owner of Club Newtone and alleges that he sexually harassed her. August 2018 EEOC Charge. In her second EEOC charge of retaliation, the Plaintiff alleges that she was terminated by Amber Walker, the Club Executive Director, with Sandra Morrow, her supervisor, also present. June 2019 EEOC Charge. The EEOC sent a letter to the parties inviting them to conciliate the claims. EEOC Letter, ECF No. 67. In his capacity as President and CEO of Club Newtone, Vaugh also met with a representative from the EEOC to attempt to resolve the matter. Marc Vaughn Aff., ECF No. 67. On February 3, 2020, the EEOC sent Vaugh a letter indicating that it would not bring a civil action against Club Newtone and that the decision did not prevent the Plaintiff from filing a private lawsuit. February 3, 2020 EEOC Letter, ECF No. 67.

In this lawsuit, the deadline to amend the pleadings and join additional parties was October 15, 2020. ECF No. 20.

**STANDARD OF REVIEW**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an

absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of [her] case on which [she] bears the burden of proof; if [she] fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In ruling on a motion for summary judgment, a court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted). A court's role "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted).

## ANALYSIS

a. *Motion for Summary Judgment—EEOC Charge*

Defendant MJV Group argues that the Plaintiff's Title VII claims against it should be dismissed because the Plaintiff did not name it in her EEOC charges or provide it with adequate notice of the charges. "Ordinarily, a party not named in an EEOC charge may not be sued under Title VII." *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989) (citing 42 U.S.C. § 2000e–5; *LeBeau v. Libbey–Owens–Ford Co.*, 484 F.2d 798, 799 (7th Cir. 1973)). The filing of an EEOC charge is not jurisdictional, but it is a requirement for bringing the suit. *Id.* at 128–29. Issues with the filing of an EEOC charge are an affirmative defense, treated like

4

administrative exhaustion. *Id.* at 126 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

"[A]n exception to the general rule that a party named in a Title VII suit must have been named in a previous EEOC charge exists where 'an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance.'" *Id.* at 126–27 (quoting *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981)). The plaintiff bears the burden of demonstrating that the *Eggleston* exception applies. *See Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001). The *Eggleston* exception serves the following two purposes: "First, it serves to notify the charged party of the alleged violation. Second, it gives the EEOC an opportunity for conciliation, which effectuates Title VII's primary goal of securing voluntary compliance with its mandates." *Schnellbaecher*, 887 F.2d at 126. Thus, the plaintiff must show both that the unnamed defendant had notice of the charge and that it had the opportunity to conciliate that charge. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 667 (7th Cir. 2013). Thus, to bring a claim against the parent company when the subsidiary company is named in the EEOC charge, the plaintiff must show that the parent company had not only notice of the EEOC charge against it but also an opportunity to conciliate on its own behalf.". *See Olsen*, 267 F.3d at 604 (finding that unnamed parent company's notice of the EEOC charge and participation in administrative proceedings in the place of the named subsidiary company was not sufficient to show that the unnamed party had the opportunity to conciliate).

The Plaintiff fails to provide any evidence that either MJV Group or MJV Management had notice of the EEOC charge against its or an opportunity to conciliate on its own behalf.

Vaughn owned Club Newtone and both MJV organizations, but he was not an employee of Club Newtone. Kari Cunningham is employed by MJV Management, but her role in the EEOC proceeding was on behalf of Club Newtone. The Plaintiff fails to provide any evidence that MJV Management or MJV Group was on notice of the Plaintiff's potential claims against them as opposed to against Club Newtone. Her initial EEOC charge alleged that Vaughn harassed her in his capacity as owner of Club Newtone. Her second EEOC charge alleged that she was fired by Club Newtone based on what she considers a pretextual reason. However, neither of these charges, nor the depositions of Cunningham and Vaughn, nor the Plaintiff's arguments demonstrates that either MJV entity was aware that it was potentially liable for the alleged sexual harassment and retaliation. The Plaintiff fails to provide any argument beyond the status of Vaughn as an owner of both entities and Cunningham as an employee of both how either MJV entity had the ability to conciliate on its own behalf. This case is similar to *Olsen*, where the parent company was on notice of and in fact participated in the conciliation on behalf of its subsidiary, but the parent company was not liable because it was not on notice of any claims against itself from the proceedings. 267 F.3d at 604. Likewise, Club Newtone was on notice of the charges against it and had an opportunity to conciliate, but the MJV entities were not, even if MJV Management employed some of the people who operated Club Newtone, MJV Management had the same owner as Club Newtone, and an MJV Management employee was involved in attempting to resolve the EEOC Charge.

Accordingly, the Court grants MJV Group's Motion for Summary Judgment.

b. *Motion for Leave to File Sur-Reply*

The Plaintiff's motion for a sur-reply is not well-taken. A party must always ask the Court for leave to file a sur-reply, and the Court may allow a party to file a sur-reply "if it raises

or responds to some new issue or development in the law." *Stack v. Menard, Inc.*, No. 3:19-CV-310, 2021 WL 1165138, at *2 (N.D. Ind. Mar. 25, 2021) (quoting *Merrill Lynch Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, No. 2:09-cv-158, 2009 WL 3762974, at *1 (N.D. Ind. Nov. 9, 2009)).[2] The Court has had the opportunity to review the Plaintiff's proposed sur-reply and the attached exhibits. None of these either change the result of the above analysis or justify a sur-reply. Despite the Plaintiff's attempt to justify the sur-reply as being based on new evidence, the Plaintiff should have known that the *Eggleston* doctrine was at issue when she filed her response brief. There is no new issue, development in the law, or newly discovered evidence. That MJV Group is distinct from MJV Management should have been known from, at minimum, the deposition of Vaughn in 2020. Accordingly, the Court denies the Plaintiff's Motion for Leave to File Sur-Reply.

    c. *Motion to Amend Complaint*

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading with the court's leave. Fed. R. Civ. P. 15(a)(2). Under the same rule, courts are instructed to freely give leave when justice so requires. *Id.* "[D]istrict courts should not deny leave absent a 'good reason'—such as futility, undue delay, prejudice, or bad faith." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 417 (7th Cir. 2019) (quoting *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357 (7th Cir. 2015)). "An amendment may be futile when it fails to state a valid theory of liability, or could not withstand a motion to dismiss." *Ball v. Norfolk S. Ry. Co.*, No. 3:10-CV-177, 2011 WL 13352807, at *2 (N.D. Ind. Oct. 11, 2011) (citing *Advent Elecs., Inc. v. Buckman*, 918 F. Supp. 260, 264 (N.D. Ill. 1996)). District courts

---

[2] Effective February 25, 2022, the Northern District of Indiana Local Rule 56-1 governing summary judgment procedure now specifically provides: "Additional briefs must not be filed without leave of court." N.D. Ind. L.R. 56-1(d). Likewise, the general rule for motion practice does not allow for sur-replies. N.D. Ind. L.R. 7-1(d)(3).

7

have "broad discretion" to decide whether to allow an amendment. *Levan Galleries LLC v. City of Chicago*, 790 F. App'x 834, 835–36 (7th Cir. 2020) (quoting *Garner v. Kinnear Mfg. Co.*, 37 F.3d 263, 269 (7th Cir. 1994)).

Once a scheduling order has been entered, Federal Rule of Civil Procedure 16(b)(3)(A) may apply to limit the amendment of pleadings. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Under Rule 16(b)(4), the scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, a two-step process exists where the Court first considers whether good cause exists to modify the scheduling order and then considers the Rule 15(a)(2) requirements. *Alioto*, 651 F.3d at 719. In considering good cause under Rule 16, "the primary consideration for district courts is the diligence of the party seeking amendment." *Id.* at 720.

The Plaintiff seeks to amend her Complaint to add MJV Management as a party. The Plaintiff was not diligent in seeking this amendment. At minimum, the Plaintiff should have been aware during discovery that MJV Group and MJV Management were separate entities. In fact, during Vaughn's deposition, taken before the deadline to amend the complaint, Vaught described how MJV Group was a janitorial service and MJV Management was the company he drew his salary from that managed his companies. Thus, the Plaintiff's decision to wait until now to amend her Complaint shows a lack of diligence. In addition, the amendment is futile; as discussed above, the Plaintiff has failed to show that either of the MJV entities was on notice of the EEOC charge against it and had the ability to conciliate on its own behalf. There is not good cause to amend the Complaint under Rule 16(b)(4) nor does justice require doing so under Rule 15.

In the alternative, the Plaintiff requests mandatory joinder of MJV Management under Rule 19. Under Rule 19(a), mandatory joinder is required for necessary parties, which the Court determines by considering "(1) whether complete relief can be accorded without joinder, (2) whether [the joined party's] ability to protect his interested will be impaired, and (3) whether the existing parties will be subjected to a substantial risk of multiple or inconsistent obligations unless" joinder occurs. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001). The Plaintiff's attempt to use Rule 19 mandatory joinder as a way to add a new defendant to the case long after the scheduling order was issued is unpersuasive. The Plaintiff in her briefs fails to show how complete relief cannot be accorded without joinder or that MJV Management's interests will be impaired. Additionally, there is no risk of multiple or inconsistent obligations if MJV Management is not joined. In light of those factors, this request for a late addition of a new defendant will not be permitted, and the Court denies the motion

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS the Defendant MJV Group, Inc's. Motion for Summary Judgment [ECF No. 65] and DENIES the Plaintiff Jarissa Gillapsey's Motion for Leave to File Sur-Reply Regarding Defendant MJV's Motion for Summary Judgment [ECF No. 70] and Motion to Amend/Correct Complaint [ECF No. 71].

SO ORDERED on September 8, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

9