UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JARISSA GILLASPY, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:20-CV-13-TLS |
| CLUB NEWTONE, INC., | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion to Dismiss [ECF No. 80], filed on October 12, 2022. The Defendant responded on October 26, 2022 [ECF No. 82], and the Plaintiff replied on November 1, 2022 [ECF No. 83]. The Plaintiff moved to dismiss this case without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Defendant objects and requests that the case be dismissed with prejudice.

Under Rule 41(a)(2), the Court may grant a plaintiff's request for dismissal "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Court has discretion to grant dismissal under Rule 41(a)(2) without prejudice. *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988). The Court only abuses that discretion "when it can be established [that] the defendant will suffer 'plain legal prejudice' as the result" of a dismissal without prejudice. *Id.* (quoting *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986)). The Seventh Circuit has provided that when determining whether a defendant will suffer "plain legal prejudice," courts should consider factors such as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that

a motion for summary judgment has been filed by the defendant." *Id.* at 473–74 (quoting *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

This case has been pending since March 3, 2020, over two and a half years. *See* ECF No. 1. Since then, the parties have made significant efforts to resolve this lawsuit, including the filing of two amended complaints and corresponding answers, raising and disposing of a counterclaim, filing claims against and later dismissing two other defendants, and completing over a year of discovery.

In the Plaintiff's brief supporting her instant motion to dismiss, she explains that the Defendant has ceased operations, has sold all or substantially all of its assets, and is therefore uncollectable. The Defendant responds that the Plaintiff knew this information as early as August 2021, when the Plaintiff filed a state court complaint against the Defendant in part for transferring its assets, and therefore could have moved to dismiss Defendant Club Newtone, Inc., over a year ago. The Plaintiff has not justified this delay. The Court also notes that it has already denied one of the Plaintiff's requests for lack of diligence. *See* ECF No. 76, p. 8 (denying the Plaintiff's request to add MJV Management as a defendant because the Plaintiff was made aware that MJV Management was the proper defendant before the amendment deadline but did not request to add it as a party until the motion being considered).

The Plaintiff requests dismissal without prejudice because "[a]n adjudication on the merits against [the Defendant] would result in duplication of efforts against a party which is uncollectable" and because she wishes "to avoid any technical adjudication on the merits" in her related lawsuit in state court. Pl. Br. 1–2, ECF No. 81. The Plaintiff, however, has not explained what efforts would be duplicated nor how duplication of efforts is relevant to the Court's instant decision. The Court acknowledges the Plaintiff's lawsuit against the Defendant, Club Newtone,

Inc., in Tippecanoe County Circuit Court, in which the Plaintiff claims the Defendant "made one [sic] transfers with an intent to hinder, delay, or defraud" the Plaintiff. Am. Compl. ¶ 18, *Gillaspy v. Club Newtone, Inc.*, No. 79C01-2108-CT-000130 (Ind. Cir. Ct. Dec. 23, 2021). The Plaintiff, however, has failed to sufficiently explain how an adjudication on the merits here would prejudicially affect her state court claim against the Defendant.

Dismissal of this case without prejudice would be inappropriate in light of the significant effort and expense the parties have contributed to this lawsuit, the Plaintiff's lack of diligence in dismissing its claims against the Defendant, and the Plaintiff's insufficient explanation for the need to dismiss this case without prejudice. If the Plaintiff nonetheless wishes to dismiss this case with prejudice, she may file a subsequent motion to dismiss under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Accordingly, the Court DENIES the Plaintiff's Motion to Dismiss [ECF No. 80].

SO ORDERED on December 5, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
